**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4394**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

MOHAMMAD HAMMED AHMED, a/k/a MO $, a/k/a MO Money,

                    Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:10-cr-00113-BR-3)

Submitted:  September 29, 2011      Decided:  October 4, 2011

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Thomas B. Murphy, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mohammad Hammed Ahmed appeals the criminal judgment entered following his guilty plea, pursuant to a written plea agreement, to conspiracy to commit wire fraud and mail fraud, in violation of 18 U.S.C. § 1349 (2006). On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court's sentence was reasonable. Ahmed was informed of his right to file a pro se supplemental brief, but he has not done so. The Government has filed a motion to dismiss the appeal based on the appellate waiver provision in Ahmed's plea agreement. Ahmed opposes the motion, arguing that the motion is premature. We affirm in part and dismiss in part.

We review a defendant's waiver of appellate rights de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks omitted); see United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (providing standard). Generally, if the district court fully questions the defendant about the waiver during the Federal Rule of Criminal Procedure 11 plea colloquy, the waiver

2

is valid and enforceable. <u>United States v. Johnson</u>, 410 F.3d 137, 151 (4th Cir. 2005). We will enforce a valid waiver so long as "the issue being appealed is within the scope of the waiver." <u>Blick</u>, 408 F.3d at 168.

Our review of the record leads us to conclude that Ahmed's waiver of appellate rights was knowing and intelligent. Turning to the scope of the waiver, we conclude that the sentencing issue Ahmed raises on appeal falls within the scope of the appellate waiver provision. Ahmed was sentenced to twenty-seven months' imprisonment, within the advisory Guidelines range established at sentencing. Thus, we grant in part the Government's motion to dismiss and dismiss this portion of the appeal.

The waiver provision, however, does not preclude our review of the guilty plea or conviction pursuant to <u>Anders</u>. In accordance with <u>Anders</u>, we have reviewed the entire record and have found no unwaived and potentially meritorious issues for review. We therefore deny in part the Government's motion to dismiss and affirm Ahmed's conviction.

This court requires that counsel inform Ahmed, in writing, of his right to petition the Supreme Court of the United States for further review. If Ahmed requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to

withdraw from representation. Counsel's motion must state that a copy thereof was served on Ahmed. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

4